UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

THE PEOPLES STATE BANK,   )
    Plaintiff,     )
           )
 vs.        )   1:10-cv-1640-RLY-TAB
           )
STIFEL, NICOLAUS & COMPANY, INC.; )
MICHAEL SULLIVAN, RONALD  )
KRUSZEWSKI, AND JOHN DOES 1 & 2,  )
    Defendants.   )

**ENTRY ON PLAINTIFF'S MOTION TO STRIKE
AND DEFENDANTS' MOTION TO DISMISS**

Auction rate securities ("ARS") are long-term debt instruments tied to short term

interest rates.  ARS have a fixed par value and a long term nominal maturity with interest

rates that are reset via a periodic (most often 7, 28 or 35 days) "Dutch Auction"

competitive bid process.  The lowest interest rate bid required to sell all of an ARS issue

available for sale at any given auction is the "clearing rate" and becomes the interest rate

paid to holders until the next auction.  Plaintiff, The Peoples State Bank ("Peoples"),

purchased several ARS issues marketed to them by Defendant Michael Sullivan, a sales

representative of Defendant Stifel, Nicolaus & Company, Inc. ("Stifel").  Peoples claims

the ARS were marketed to it as fully collateralized and liquid; however, in early 2008, the

ARS market froze with no bidders for the periodic auctions, leaving Peoples with a long-

term subordinate security which is neither liquid nor generating any interest payments.  It

brought this lawsuit in state court seeking damages from Sullivan, Stifel, Ronald

Kruszewski, who is the CEO of Stifel, as well as yet to be identified others within Stifel's

organization. The Defendants removed the case to this court based upon diversity of

citizenship.

Peoples' Complaint is in three counts, all of them based upon Indiana law. Count I

asserts a violation of the Indiana Uniform Securities Act. Count II claims damages under

a breach of contract theory; and, the final count asserts a constructive fraud claim.

Defendants moved to dismiss the Complaint, in its entirety, under Federal Rule of Civil

Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. In so

moving, Defendants submitted two documents with their brief. They cite to those two

documents as well as others in their brief, asking that the court take judicial notice of

them. In response, Peoples filed a motion which asks the court to strike or disregard the

documents. This entry will address both the Motion to Strike/Disregard and the Motion

to Dismiss.

## I.      Standard of Review

A Motion to Dismiss under Rule 12(b)(6) requires the court to analyze the legal

sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest

Premium Services, Inc*., 144 F.3d 1037, 1039 (7th Cir. 1998). The court must take all

facts alleged in Peoples' Complaint as true and draw all reasonable inferences from those

facts in its favor.  *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992).  For its part, Peoples must do more than solely recite the elements of a claim; rather, it must plead with sufficient particularity so that the right to relief appears as more than mere conjecture.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; 127 S.Ct. 1955 (2007).  Peoples must plead facts so that, when accepted as true, they show the plausibility of the claim for relief.  *Ashcroft v. Iqbal*, __ U.S. __; 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.*

Subsection (d) of Rule 12 forbids the court from considering "matters outside the pleadings" in deciding a motion to dismiss unless the court elects to treat the motion as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  Documents attached to a motion to dismiss are considered a part of the pleadings if they are "referred to in the plaintiff's complaint and are central to his claim."  *Wright v. Associated Ins. Companies, Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994).

## II.     Discussion

### A.     Motion to Strike/Disregard

The two documents which Peoples asks the court to strike or disregard are:  a 73 page prospectus for "Collegiate Funding Services Educational Trusts" and a copy of an 11 page consent Order from a 2006 proceeding before the SEC.  Defendants describe these documents as "public disclosures" which the court can take judicial notice of and which are integral to the allegations of the Plaintiff's Complaint.

Following the two-part analysis described in *Wright*, the first question to answer is whether Peoples has referenced the documents in its Complaint.  There is no reference to the prospectus for Collegiate Funding Services Educational Trusts in Plaintiff's Complaint.  The only mention of a prospectus is Peoples' allegation in paragraph 26 that Defendant Sullivan never provided a prospectus for any of the ARS purchased by Peoples until after the purchase.  Peoples does allege that it purchased and sold two Collegiate Funding ARS, but never asserts receipt of or reliance upon the prospectus in connection with any of its claims.  In short, the Collegiate Funding prospectus is not actually referenced in the Complaint, nor is it central to the claim being made.

Defendants argue that because the prospectus was publicly available to investors, Peoples is charged with knowledge of its contents.  Thus, according to Defendants, the prospectus is an integral part of the claim.  Assuming, just for the moment, that

Defendants are correct in their assertion that Peoples is charged with knowledge of the contents of the prospectus, that may be extremely relevant; but it still does not make the document an integral part of the Complaint.

Peoples does not reference the 2006 Consent Order in the complaint, but it does reference the SEC investigation and the agency's conclusions which led to the order. Peoples describes these references to the SEC investigation as background for an overview of the ARS market. The court finds them more akin to extraneous or nonessential facts which detract from the "short and plain statement" that Federal Rule of Civil Procedure 8 requires from a pleading. Either way, the Consent Order is in no way crucial to the Complaint and, like the Collegiate Funding prospectus, need not be a part of the court's analysis of the merits of the Motion to Dismiss.

Peoples also complains of the Defendants' references, in their brief, to facts contained in filings Peoples has made with the FDIC, of which Defendants also encourage the court to take judicial notice. The FDIC filings allegedly reveal that Peoples is a more sophisticated investor than one might assume from reading only the allegations of the Complaint. Again, such documentation may be relevant, but it is neither referenced in the Complaint nor central to the allegations presented.

In the end, the court agrees with Peoples, that the documentation attached as exhibits to Defendants' supporting brief and the FDIC filings referenced in the supporting

brief cannot be considered by this court in reaching its decision on the Motion to Dismiss, without converting the motion to one for summary judgment, a conversion which this court has no intention of instigating at this point. However, for purposes of future reference, there was really no need to file a motion to strike in this case. Motions to strike are disfavored, generally, because they tend to delay judicial proceedings. *Crowder v. Foster Wheeler, LLC,* 265 F.R.D. 368, 370 (S.D.Ind. 2009). Furthermore, Rule 12 allows parties to file motions to strike matter from pleadings, not opposition briefs. Fed.R.Civ.P. 12(f). Any argument with respect to Defendants' reliance on documents outside the pleadings could have been raised, and should have been raised, within the briefs addressing the Motion to Dismiss.

**B. Motion to Dismiss**

The focus of Defendants' Motion to Dismiss is on the imputation of knowledge to Peoples of publicly available written information, more specifically, the prospectus for each of the ARS which were sold to Peoples by Stifel. According to Defendants, because there was a prospectus in the public domain which explained the risks associated with the purchase of each of the ARS which Peoples purchased, any misrepresentations or omission by Sullivan could not have significantly altered the mix of information available to the reasonable investor, which Defendants claim is the standard used for assessing whether a misrepresentation or omission is "material" under the Indiana Securities Act. *See Manns v. Skolnick,* 666 N.E.2d 1236, 1249 n.8 (Ind.App. 1996). On the other hand,

Peoples argues that it had no duty to investigate under Indiana securities law and cannot be charged with knowledge of the contents of a prospectus if it had no duty to look for one.

The court is bothered by several issues which arise with the Defendant's Motion to Dismiss. First, as pointed out in the earlier discussion with regard to this court looking outside the pleadings to reach a decision to dismiss Plaintiff's claim, the record at this point is limited to the pleadings, and the pleadings do not include a prospectus for each ARS purchased. Consequently, even if Indiana law required imputation of knowledge to Peoples, the substance of that knowledge cannot be garnered without reviewing a document outside the pleadings. While the contents of a prospectus might provide one or more of the Defendants with a strong defense at the summary judgment stage, neither the record nor the issue are ripe for decision at this point.

The court has a problem as well with Defendants' attempt to distinguish the issue of imputed knowledge from the issue of whether a duty to discover exists. The Court of Appeals in Indiana has plainly stated that the anti-fraud provisions of the state securities laws demonstrate a clear legislative intent. *Kelsey v. Nagy,* 410 N.E.2d 1333, 1336 (Ind.App. 1980). The legislature embraced " a fundamental purpose of substituting a policy of full disclosure for that of caveat emptor." *Id.* In that same opinion, the Court found that placing a duty to investigate on the buyer of a security would be inconsistent with the policy of requiring full disclosure. *Id.* If there is no duty to investigate, Peoples

contends there would be no reason to ascribe a purchaser with knowledge he is not expected to seek out.

Defendants disagree and assert that the existence of a registered prospectus requires that knowledge of its contents be imputed to Peoples as a matter of law, regardless of whether it had a duty to investigate. The problem with Defendants' argument is that there is no support in Indiana law for that conclusion. The cases that Defendants rely upon to support an imputation of knowledge are based on federal securities laws, not the Indiana securities statutes. Furthermore, the logic of the argument fails on its face. The only reason to impute knowledge of something to someone is because that person was expected to make himself aware of the information available to him. Such an expectation is the essence of a duty to investigate, a duty which the Court of Appeals in Indiana has rejected with respect to the application of the state's anti-fraud provisions for the sale of securities.

Finally, there is an insistence by Defendants that Peoples cannot show the materiality of any of the misrepresentations. This argument is also intertwined with the Defendants' claim that Peoples is charged with knowing what was in the ARS prospectus for each of its purchases, and the court has just disposed of that issue. Moreover, a determination of materiality is a question best suited for the fact finder and not a question to be examined at the motion to dismiss stage. *Marks v. CDW Computer Centers, Inc.*, 122 F.3d 363, 370 (7th Cir. 1997).

With respect to both Peoples' statutory and common law constructive fraud claims, Defendants also assert that the allegations of the Complaint lack the particularity required by Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that a heightened pleading standard apply to claims of fraud. When asserting misrepresentation, a party must identify not only the content of the misrepresentation, but who made it and when and how it was made. *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services*, 536 F.3d 663, 668 (7th Cir. 2008). The purpose served by this more demanding pleading requirement is to ensure that the party accused of fraud, which could be embodied in a broad variety of conduct, is given adequate notice of the specific activity he is accused of so as to allow him to file an effective responsive pleading. *Lachmund v. ADM Investor Servs., Inc.,* 191 F.3d 777, 783 (7th Cir. 1999). That being said, Rule 9(b) is not to be read in isolation, but in conjunction with Rule 8 and its mandate that a complaint contain a short and plain statement of the claim for relief. *Hirata Corp. v. J.B. Oxford and Co.,* 193 F.R.D. 589, 596-97 (S.D. Ind. 2000).

While one could quibble some with whether it is clear from the Complaint if Defendant Sullivan is accused of delivering the misrepresentation over the telephone or in person, the specificity with which the alleged deceptive activity is alleged in the Complaint is certainly sufficient to allow the Defendants to prepare an adequate and effective responsive pleading. Peoples, which alleges it had never before purchased an ARS as an investment, has pled that Michael Sullivan, in his capacity as a sales

representative of Stifel, contacted it in early November 2007 in an attempt to sell Peoples ARS investments. He represented to Peoples that the ARS being offered for sale were fully collateralized, safe investments which represented student loan receivables guaranteed by the federal government. After being told what the bank required in terms of the characteristics of the investment it sought, including that the investment be liquid, Sullivan represented to Peoples that the ARS he offered were consistent with those investment goals. Peoples claims this representation was knowingly false and that Sullivan did not provide a prospectus on any of the ARS which were purchased until after they were purchased. It also claims that, despite Stifel's significant superior knowledge, Sullivan failed to provide Peoples with critical information regarding the ARS market risks, including that an ARS auction could fail for lack of bidders and that the market for ARS issues could freeze or appear to be better than it actually was because of the intervention by broker-dealers in certain auctions. Finally, Peoples goes on to detail the losses caused by its reliance on Sullivan's alleged misrepresentations and omissions, including loss of interest payments and liquidity. From these allegations, the Defendants should have no problem understanding the nature of the alleged fraud or deceit which Peoples claims constituted common law constructive fraud as well as a violation of Indiana Code § 23-19-5-1. Accordingly, dismissal on grounds of lack of particularity will not be granted.

Defendants argue as well that Sullivan and Kruszewski, as individual defendants,

should be dismissed.  Peoples maintains that both Sullivan and Kruszewski could be held

liable under the Indiana securities statutes, because it has alleged that Sullivan materially

aided in the wrongful conduct and because Kruszewski, as an executive officer of Stifel,

need not have had direct participation in the wrongful conduct to be held liable under

Indiana Code § 23-19-5-9(d)(2).  Peoples' reliance on Indiana Code § 23-19-5-9 as a

basis for holding both Sullivan and Kruszewski liable is well founded.  Consequently,

neither is completely free from potential liability and must remain defendants in the

lawsuit to answer to the statutory claim.

Finally, there is Peoples' breach of contract claim.  Defendants contend that

peoples has failed to allege sufficient facts to provide them with the requisite notice of the

nature of the breach alleged.  The court disagrees.  Peoples has asserted that it placed an

open sell order with Stifel and that Stifel has failed to execute the sell order.  The court

agrees with Peoples that inherent in the allegations is the notion that Stifel accepted the

order to sell the ARS.  Again, the allegations of the Complaint are not so broad as to leave

Defendants without the ability to respond intelligently to the cause of action asserted.

## III.    Conclusion

For the reasons explicated in this entry, Plaintiff's Motion to Strike/Disregard

(Docket # 30) is **GRANTED IN PART**, insofar as the court will not take into

consideration the documents submitted by Defendants in support of their Motion to

Dismiss. Defendants' Motion to Dismiss (Docket # 23) is **DENIED**.

**SO ORDERED** this 28th day of September 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Carrie  Bechtold
BRYAN CAVE LLP
carrie.bechtold@bryancave.com

Jeffrey J. Kalinowski
BRYAN CAVE LLP
jeff.kalinowski@bryancave.com

Richard  Kuhlman
BRYAN CAVE LLP
rick.kuhlman@bryancave.com

Anelia T.N. Ray
ROBERGE & ROBERGE
aray@robergelaw.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Christopher S. Roberge
ROBERGE & ROBERGE
croberge@robergelaw.com

Elizabeth A. Roberge
ROBERGE & ROBERGE
eroberge@robergelaw.com